UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-60022-CIV-SINGHAL/VALLE

IGOR IVANOVICH GRATCHEV,

    Plaintiff,

v.

MAXIME IGOROVICH GRATCHEV,

    Defendant.

_____/

**<u>Plaintiff's Motion to Strike "Amended Motion" to Compel Attorney's Testimony,<br>for Sanctions,</u>**
<u>with attached Response in Opposition to "Amended Motion" offered in the alternative</u>

Plaintiff IGOR files this Motion to Strike Defendant MAX's "Amended Motion" to Compel [Deponent Attorney's] Responses to Deposition Questions (DE [142]), and for Sanctions.

In an abundance of caution, in view of the possibility the instant Motion is not granted, Igor offers a Response in Opposition to the subject "Amended Motion," filed herewith as Attachment 1.

### *In substance, nothing changed between the original and the "Amended" Motion*

The undersigned performed a blackline comparison of Defendant Max's original Motion (DE [132]) and the "Amended" version (DE [142]). Defendant had not made any substantive change. It was thus belied that the "Amended Motion" is a "new request to the court," as it was mischaracterized by Max's counsel. *See* page 1 of composite Exhibit 2 hereto (the entire prefiling conference, a thread of nine (9) emails between respective counsel).

*The layered and compounded misrepresentations made by Defendant Max's counsel*

**Defendant Max and his counsel failed to correct any procedural defect at all from the first filing.**  On Nov. 16, 2021, the undersigned telephoned the deponent sought to be compelled, Michael Brodigan, Esq. of Boston, and learned that:

- Max's counsel had failed to initiate prefiling conference with Mr. Brodigan for the "Amended Motion" (just as he hadn't before the original Motion);

- Mr. Brodigan hadn't yet had full opportunity to review the transcript of his deposition (DE [132-1)] for accuracy and dissemination of any errata sheet (he has until Nov. 29th, 2021 to do so;  Fed. R. Civ. P. 30(e)).  This should have been disclosed by Defendant's counsel in his twin motions given his heavy reliance on and interpretations of the testimony;  and

- Max's counsel certified that he had served the "Amended Motion" on deponent "Via US Mail," and said document arrived in Mr. Brodigan's mail on the seventh day after CM/ECF filing thereof (*i.e.*, the day the instant Motion to Strike is filed).  In fact, Max's counsel also emailed the "Amended Motion" to Mr. Brodigan.  This adds to the confusion sowed by counsel for Max as to when the deponent's Response would actually be due.

Magistrate Judge Valle's Discovery Procedures establish the time for filing a response to discovery motion as 7 days, meaning **the response deadline to the "Amended Motion" is Thurs., Nov. 18, 2021**.  It must be considered an additional failure that Counsel for Max did not inform attorney Brodigan (not admitted to practice in this honorable Court) that the response period is accelerated by local procedure.  This is a serious matter.  The operative law on attorney

/ client privilege is that of Massachusetts;  Mr. Brodigan is logically the attorney who can speak on the matter with greatest authority.[1]

On Nov. 10, 2021, the undersigned counsel for Plaintiff Igor documented the procedural deficiencies and misrepresentations of Defendant's original Motion in "Plaintiff's Response in Opposition to Motion to Compel Deponent's Response," (DE [140]), namely:  "**Defendant Max [had] not served the subject Motion to Compel on the person he seeks to compel, and failed to confer pre-filing with said deponent.**"

> In Max's Reply stemming from his original Motion, a new misrepresentation appeared:
>
> COMES NOW Defendant, Maxime I. Gratchev, by and through the undersigned counsel, and hereby files his reply to Plaintiff's Response [DE-140] to Defendant's Motion to Compel, and states that the Plaintiff's point is well taken. **The undersigned inadvertently left Mr. Brodigan off the Certificate of Service to DE-132.** Accordingly, an Amended Motion is being filed simultaneously herewith listing Mr. Brodigan.

(DE [141]).   Max's counsel didn't "inadvertently" leave Mr. Brodigan off the (DE [132]) Certificate of Service.  **He failed entirely to serve Mr. Brodigan with the Motion AND did not seek prefiling conference with him.**  It must be said:  this is not just a failure to be candid toward the tribunal.  It is an insult to the intelligence of this honorable Court and the undersigned counsel.

*Now*, a fresh misrepresentation in the "Amended Motion," wherein Max's counsel certifies that "counsel for the movant has conferred with all parties or non-parties who may be affected by the relief sought in this motion in a good faith effort to resolve the issues."  (DE [142]).  This is entirely false;  there was no gesture on the part of Defendant Max's counsel to initiate prefiling conference, neither with the undersigned nor with the deponent, Michael Brodigan, Esq.

---

[1]   Michael B. Brodigan is a seasoned practitioner, admitted to the Mass. Bar in 1994.

***The body count***

The undersigned counsel for Plaintiff Igor despairs at the thought of enumerating the misrepresentations, material omissions, and failures to comply with service and prefiling-conference requirements related in the instant Motion to Strike.  He does, however, provide this list of documents in which they appear:

- Defendant's Motion to Compel Deponent's Response [sic] to Deposition Questions" (DE [132])

- Defendant's Reply to Response to Motion to Compel Deponent's Responses to Deposition Questions (DE [141])

- Defendant's Amended Motion to Compel [Deponent Attorney's] Responses to Deposition Questions (DE [142])

- Respective counsels' written prefiling conference prerequisite to filing the instant Motion to Strike, composite Exhibit 2 hereto

WHEREFORE, Plaintiff Igor respectfully requests that "Defendant's Amended Motion to Compel Deponent's Responses to Deposition Questions" (DE [142]), be stricken, and that appropriate sanctions be imposed for the extensive misdeeds recounted in the instant Motion.

**LOCAL RULE 7.1(a)(3) CERTIFICATION
OF REASONABLE BUT UNSUCCESSFUL EFFORT to CONFER PREFILING
and DETAILS THEREOF**

The undersigned counsel for the movant, Plaintiff Igor Gratchev, certifies that he has made reasonable efforts to confer with all parties who are affected by the relief sought in the instant Motion to Strike, which efforts are identified with specificity in the instant statement, but has been unable to do so.  (It is further certified that the undersigned has briefly and successfully conferred with Michael Brodigan, Esq., the deponent whom Defendant Max Gratchev has sought to compel with his filings at (DE [132]) and (DE [142]).)

On Nov. 11, 2021, hours after Defendant's counsel filed the subject "Amended Motion," the undersigned initiated a prefiling conference regarding the instant Motion to Strike.  The entire conference, a thread of nine (9) emails, is filed herewith as composite Exhibit 2.  The final message from the undersigned was:

> Mr. Casiano, I am going to file the motion to strike DE 142, unless you can persuade me that there is authority (case, statute or rule) for filing an amended motion without leave of court after briefing of the original motion is complete.  This is the prefiling conference;  please reply substantively.

Despite the undersigned's clear messaging, counsel for Defendant Max failed and refused to engage in meaningful conference.  The latter's final message to the undersigned was:  "As I previously stated, there is no bar to filing an amended motion. The Rules do not require leave of court to file a motion, nor an amended motion. The filing just becomes a new request to the court."  The undersigned regretfully submits that this cannot be considered cooperation or good faith in attempting to resolve the dispute on the part of counsel for Defendant Max.

Dated:  Nov. 18, 2021    Respectfully submitted,

        /S/ James W. Beagle (Fla. Bar no. 521418)
        JB@BeagleEsq.com
        James Beagle, P.A.
        12 SE 7th Street, Suite 704
        Fort Lauderdale, Florida 33301
        Telephone (954) 563-8588
        Telefax (954) 206-5996
        Attorney for Plaintiff IGOR GRATCHEV

## CERTIFICATE OF SERVICE

**I hereby certify** that a true and correct copy of the foregoing was served by CM/ECF on Nov. 18, 2021 on all counsel or parties of record on the Service List below. **Additionally, this Motion (and incorporated Response) is served contemporaneously by email on Michael Brodigan, Esq. at mbrodigan@brodiganlaw.com.**

## SERVICE LIST

Sergio R. Casiano, Jr.
sergio@mkrs.com
MKRS Law, PL
201 Alhambra Circle, suite 802
Coral Gables, FL 33134
Telephone: (305) 446-5228
Facsimile: (305) 446-7110
Attorneys for Defendant
      MAXIME GRATCHEV