UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-60022-CIV-SINGHAL

IGOR IVANOVICH GRATCHEV,

     Plaintiff,

v.

MAXIME IGOROVICH GRATCHEV,

     Defendant.

_____/

## ORDER

**THIS CAUSE** is before the Court upon Defendant's Motion for Extension of Time to File Joint Pre-Trial Stipulation (DE [189]) and Plaintiff's Unilateral Pretrial Stipulation (DE [190]).  Plaintiff opposes Defendant's motion but has no objection to Defendant filing a unilateral pretrial stipulation out of time.

Local Rule 16.1 and this Court's Order Setting Trial (DE [22]) require the filing of a joint pretrial stipulation.  The rule requires, among other things, a "short concise statement" of each party's case and a numbered list of trial witnesses, with addresses, "separately identifying those whom the party expects to present and those whom the party may call if the need arises." L.R 16.1(e)(10).  Plaintiff's Unilateral Pretrial Stipulation fails to comply with these requirements.  It is unilateral, the statement of Plaintiff's case is 6 pages long, and Plaintiff lists 31 witnesses (many with no addresses) without designating which witnesses he expects to call and those who will be called if the need arises.  The Court

questions the good faith effort made by Plaintiff, especially when Plaintiff estimates the case will take three days to try but lists 31 witnesses.[1]

Counsel are reminded of the Introductory Statement to the Local Rules:

> Members of the bar and the Court are proud of the long tradition of courteous practice in the Southern District of Florida. Indeed, it is a fundamental tenet of this Court that attorneys in this District be governed at all times by a spirit of cooperation, professionalism, and civility. For example, and without limiting the foregoing, it remains the Court's expectation that counsel will seek to accommodate their fellow practitioners, including in matters of scheduling, whenever reasonably possible and that counsel will work to eliminate disputes by reasonable agreement to the fullest extent permitted by the bounds of zealous representation and ethical practice.

Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff's Unilateral Pretrial Stipulation (DE [190]) is **STRICKEN.** Defendant's Motion for Extension of Time to File Joint Pre-Trial Stipulation (DE [189]) is **GRANTED.** Counsel shall meet in person or by telephone and prepare a Joint Pretrial Stipulation, proposed jury instructions, and verdict form, which shall be filed by **July 14, 2022.** The proposed jury instructions and verdict form shall be submitted in accordance with the Court's Order Setting Trial (DE [22]).

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 7th day of July 2022.

_____
RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

Copies furnished counsel via CM/ECF

---

[1] Plaintiff states this is a non-jury trial, but Plaintiff previously demanded a jury trial (DE [21]). If the parties jointly intend to proceed non-jury, they should file a stipulation immediately.