UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Fort Lauderdale Division
CASE NO.: 20-cv-60022-SINGHAL/VALLE

IGOR IVANOVICH GRATCHEV,

       Plaintiff,

-vs-

MAXIME IGOROVICH
GRATCHEV,

       Defendant,

_____/

## DEFENDANT'S NOTICE OF FILING PROPOSED JURY INSTRUCTIONS AND VERDICT FORM

**COMES NOW**, Defendant, Maxime Gratchev, and hereby files his proposed jury instructions and verdict form.

Respectfully Submitted,

WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP
Attorneys for Defendant,
100 Southeast Second Street, Suite 2100
Miami, FL 33131-2126
305.374.4400 (Main)
305.579.0261 (Fax)

By:    */s/ Sergio R. Casiano, Jr.*
       Sergio R. Casiano, Jr.,
       Fla. Bar No.: 457302
       sergioc@mkrs.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the on 4th day of August 2022, I electronically filed the foregoing with

the Clerk of the Court for the United States District Court Southern District of Florida by using

the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that

service will be accomplished by the CM/ECF system.

<u>Service List</u>

James W. Beagle, Esq.                    (*Attorney for Plaintiff*)
James Beagle, P.A.
12 SE 7th Street, Suite 704
Fort Lauderdale, FL 33301
jb@beagleesq.com

Joseph A. O'Brien, Esq.
41 North Main Street, Suite 303,
West Hartford, CT 06107
Obrienlaw2@aol.com

                                      By:    */s/ Sergio R. Casiano, Jr.*
                                                  Sergio R. Casiano, Jr.,
                                                    Fla. Bar No.: 457302
                                                    sergio.casiano@wilsonelser.com

**State1.1**
**General Preliminary Instruction**

Members of the Jury:

Now that you've been sworn, I need to explain some basic principles about a civil trial and your duty as jurors. These are preliminary instructions. I'll give you more detailed instructions at the end of the trial.

The jury's duty:

It's your duty to listen to the evidence, decide what happened, and apply the law to the facts. It's my job to provide you with the law you must apply – and you must follow the law even if you disagree with it.

What is evidence:

You must decide the case on only the evidence presented in the courtroom. Evidence comes in many forms. It can be testimony about what someone saw, heard, or smelled. It can be an exhibit or a photograph. It can be someone's opinion.

Some evidence may prove a fact indirectly. Let's say a witness saw wet grass outside and people walking into the courthouse carrying wet umbrellas. This may be indirect evidence that it rained, even though the witness didn't personally see it rain. Indirect evidence like this is also called "circumstantial evidence" – simply a chain of circumstances that likely proves a fact.

As far as the law is concerned, it makes no difference whether evidence is direct or indirect. You may choose to believe or disbelieve either kind. Your job is to give each piece of evidence whatever weight you think it deserves.

What is not evidence:

During the trial, you'll hear certain things that are not evidence and you must not consider them.

First, the lawyers' statements and arguments aren't evidence. In their opening statements and closing arguments, the lawyers will discuss the case. Their remarks may help you follow each side's arguments and presentation of evidence. But the remarks themselves aren't evidence and shouldn't play a role in your deliberations.

Second, the lawyers' questions and objections aren't evidence. Only the witnesses' answers are evidence. Don't decide that something is true just because a lawyer's question suggests that it is. For example, a lawyer may ask a witness, "You saw Mr. Jones hit his sister, didn't you?" That question is not evidence of what the witness saw or what Mr. Jones did – unless the witness agrees with it.

There are rules of evidence that control what the court can receive into evidence. When a lawyer asks a witness a question or presents an exhibit, the opposing lawyer may object if [he/she] thinks the rules of evidence don't permit it. If I overrule the objection, then the witness may answer the question or the court may receive the exhibit. If I sustain the objection, then the witness cannot answer

the question, and the court cannot receive the exhibit. When I sustain an objection to a question, you must ignore the question and not guess what the answer might have been.

Sometimes I may disallow evidence – this is also called "striking" evidence – and order you to disregard or ignore it. That means that you must not consider that evidence when you are deciding the case.

I may allow some evidence for only a limited purpose. When I instruct you that I have admitted an item of evidence for a limited purpose, you must consider it for only that purpose and no other.

Credibility of witnesses:

To reach a verdict, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, part of it, or none of it. When considering a witness's testimony, you may take into account:

- the witness's opportunity and ability to see, hear, or know the things the witness is testifying about;
- the witness's memory;
- the witness's manner while testifying;
- any interest the witness has in the outcome of the case;
- any bias or prejudice the witness may have;
- any other evidence that contradicts the witness's testimony;
- the reasonableness of the witness's testimony in light of all the evidence; and
- any other factors affecting believability.

At the end of the trial, I'll give you additional guidelines for determining a witness's credibility.

<u>Description of the case:</u>

Plaintiff alleges that the property located at 18161 SW 25 Street, Miramar, Florida, was purchased by Igor Gratchev and placed in his son's name, with the intent that if Max Gratchev did not repay an oral loan of $177,973.00, within five years, he would be required to transfer the property to Igor Gratchev. Max disputes that this loan ever took place or that he had any obligation to involuntarily transfer the property to Igor. He also claims that the transfer from Antonina Patrova Gracheva was a gift to Max Gratchev, and these funds were later used to pay for a portion of the subject property. After the purchase of the property Maxime Gratchev paid a portion of the taxes, association fees, and expenses for this property.  Igor Gratchev demanded that the property be transferred into his name, but refused to compensate Max for the amounts paid by him.

Lastly, Igor Gratchev alleges that he placed the two boats, the marina slip and the Biscayne Condominium in the name of Maxime Gratchev in reliance of a so-called Russian tradition where parents financially aid their children well into adulthood; however, the parent retains the right to manage the asset(s).  The defense denies this tradition and denies that these assets were being placed in the hands of Maxime Gratchev, an adult child, based on a promise that he would later gift the

asset to Igor Gratchev on demand.  Again, Igor Gratchev demanded the return of these assets, without repaying Max for his contributions toward the purchase, maintenance and upkeep of these assets. Lastly, the Biscayne Condominium was actually purchased by Maxime and mortgaged by Maxime, in his own name, without any contribution by Igor Gratchev for the purchase of the property.

Burden of proof:

IGOR GRATCHEV has the burden of proving his case by what the law calls a "preponderance of the evidence." That means IGOR GRATCHEV must prove that, in light of all the evidence, what he claims is more likely true than not. So, if you could put the evidence favoring IGOR GRATCEHV and the evidence favoring MAXIME GRATCHEV on opposite sides of balancing scales, IGOR GRATCHEV needs to make the scales tip to his side. If IGOR GRATCHEV fails to meet this burden, you must find in favor of MAXIME GRATCHEV.

To decide whether any fact has been proved by a preponderance of the evidence, you may – unless I instruct you otherwise – consider the testimony of all witnesses, regardless of who called them, and all exhibits that the court allowed, regardless of who produced them. After considering all the evidence, if you decide a claim or fact is more likely true than not, then the claim or fact has been proved by a preponderance of the evidence.

On certain issues, called "affirmative defenses," MAXIME GRATCHEV has the burden of proving the elements of a defense by a preponderance of the evidence. I'll instruct you on the facts MAXIME GRATCHEV must prove for any affirmative defense. After considering all the evidence, if you decide that MAXIME GRATCHEV has successfully proven that the required facts are more likely true than not, the affirmative defense is proved.

Conduct of the jury:

While serving on the jury, you may not talk with anyone about anything related to the case. You may tell people that you're a juror and give them information about when you must be in court. But you must not discuss anything about the case itself with anyone.

You shouldn't even talk about the case with each other until you begin your deliberations. You want to make sure you've heard everything – all the evidence, the lawyers' closing arguments, and my instructions on the law – before you begin deliberating. You should keep an open mind until the end of the trial. Premature discussions may lead to a premature decision.

In this age of technology, I want to emphasize that in addition to not talking face-to-face with anyone about the case, you must not communicate with anyone about the case by any other means. This includes e-mails, text messages, phone calls, and the Internet, including social-networking websites and apps such as

Facebook, Instagram, Snapchat, YouTube, and Twitter.  You may not use any similar technology of social media, even if I have not specifically mentioned it here.

You must not provide any information about the case to anyone by any means whatsoever, and that includes posting information about the case, or what you are doing in the case, on any device or Internet site, including blogs, chat rooms, social websites, or any other means.

You also shouldn't Google or search online or offline for any information about the case, the parties, or the law. Don't read or listen to the news about this case, visit any places related to this case, or research any fact, issue, or law related to this case. The law forbids the jurors to talk with anyone else about the case and forbids anyone else to talk to the jurors about it. It's very important that you understand why these rules exist and why they're so important. You must base your decision only on the testimony and other evidence presented in the courtroom. It is not fair to the parties if you base your decision in any way on information you acquire outside the courtroom. For example, the law often uses words and phrases in special ways, so it's important that any definitions you hear come only from me and not from any other source. Only you jurors can decide a verdict in this case. The law sees only you as fair, and only you have promised to be fair – no one else is so qualified.

Taking notes:

If you wish, you may take notes to help you remember what the witnesses said. If you do take notes, please don't share them with anyone until you go to the jury room to decide the case. Don't let note-taking distract you from carefully listening to and observing the witnesses. When you leave the courtroom, you should leave your notes hidden from view in the jury room.

Whether or not you take notes, you should rely on your own memory of the testimony. Your notes are there only to help your memory. They're not entitled to greater weight than your memory or impression about the testimony.

Course of the trial:

Let's walk through the trial. First, each side may make an opening statement, but they don't have to. Remember, an opening statement isn't evidence, and it's not supposed to be argumentative; it's just an outline of what that party intends to prove.

Next, IGOR GRATCHEV will present his witnesses and ask them questions. After IGOR GRATCHEV questions the witness, MAXIME GRATCHEV may ask the witness questions – this is called "cross-examining" the witness. Then MAXIME GRATCHEV will present his witnesses, and IGOR GRATCHEV may cross-examine them. You should base your decision on all the evidence, regardless of which party presented it.

After all the evidence is in, the parties' lawyers will present their closing arguments to summarize and interpret the evidence for you, and then I'll give you instructions on the law.

You'll then go to the jury room to deliberate.

GIVEN:                              _____

GIVEN AS MODIFIED: _____

DENIED:                            _____

**1.2 Burden of Proof – Clear and Convincing Evidence**

Sometimes a party has the burden of proving a claim or defense by clear and convincing evidence. This is a higher standard of proof than proof by a preponderance of the evidence. It means the evidence must persuade you that the claim or defense is highly probable or reasonably certain. The court will tell you when to apply this standard.

GIVEN: _____

GIVEN AS MODIFIED: _____

DENIED: _____

### 1.3 Official English Translation/Interpretation

You may hear or see languages other than English during this trial.

You must consider evidence provided through only the official court [interpreters/translators]. It is important that all jurors consider the same evidence. So even if some of you know [language], you must accept the English [interpretation/translation] provided and disregard any different meaning.

GIVEN:                                    _____

GIVEN AS MODIFIED: _____

DENIED:                                 _____

**1.4 Jury Questions**

During this trial, you may submit questions to a witness after the lawyers have finished their own questioning. Here is how the procedure works: After each witness has testified, and the lawyers have asked all of their questions, I'll ask if any of you have questions. If you have a question, write it down and give it to the court staff.

You may submit a question for a witness only to clarify an answer or to help you understand the evidence. Our experience with juror questions indicates that jurors rarely have more than a few questions for any one witness, and there may be no questions at all for some witnesses.

If you submit a question, the court staff will give it to me and I'll share your questions with the lawyers in the case. If the rules of evidence allow your question, one of the lawyers or I will read your question to the witness. I may modify the form or phrasing of a question so that it's allowed under the evidence rules. Sometimes, I may not allow the questions to be read to the witness, either because the law does not allow it or because another witness is in a better position to answer the question. If I can't allow the witness to answer a question, you must not draw any conclusions from that fact or speculate on what the answer might have been.

Here are several important things to keep in mind about your questions for the witnesses:

- First, you must submit all questions in writing. Please don't ask any questions aloud.

· Second, the court can't re-call witnesses to the stand for additional juror questions. If you have a question for a particular witness, you must submit it when I ask.

· Finally, because you should remain neutral and open-minded throughout the trial, you should phrase your questions in a way that doesn't express an opinion about the case or a witness. You must keep an open mind until you've heard all the evidence, the closing arguments, and my final instructions on the law.

GIVEN:                              _____

GIVEN AS MODIFIED: _____

DENIED:                            _____

**1.5 Interim Statements**

At times during the trial, the lawyers will address you. You'll soon hear the lawyers' opening statements, and at the trial's conclusion you'll hear their closing arguments. Sometimes the lawyers may choose to make short statements to you, either to preview upcoming evidence or to summarize and highlight evidence they just presented. These statements and arguments are the lawyers' views of the evidence or of what they anticipate the evidence will be. They are not evidence themselves.

GIVEN:                              _____

GIVEN AS MODIFIED: _____

DENIED:                           _____

**2.2 Use of Depositions**

A deposition is a witness's sworn testimony that is taken before the trial. During a deposition, the witness is under oath and swears to tell the truth, and the lawyers for each party may ask questions. A court reporter is present and records the questions and answers.

The deposition of [name of witness], taken on [date], [is about to be/has been] presented to you [by a video/by reading the transcript]. Deposition testimony is entitled to the same consideration as live testimony, and you must judge it in the same way as if the witness was testifying in court.

Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.

GIVEN:                              _____

GIVEN AS MODIFIED: _____

DENIED:                            _____

**2.3 Use of Recorded Conversations and Transcripts**

Now you're going to hear [a] recorded conversation[s]. This is proper evidence for you to consider. Please listen to it very carefully. I'm going to allow you to have a transcript of the recording [prepared by name of preparer] to help you identify speakers and guide you through the recording. But remember that it is the recording that is evidence – not the transcript. If you believe at any point that the transcript says something different from what you hear on the recording, disregard that portion of the transcript and rely instead on what you hear.

[In this case, there are two transcripts because there is a difference of opinion about what is said on the recording. You may disregard any portion of one or both transcripts if you believe they reflect something different from what you hear on the recording. It's what you hear on the recording that is evidence – not the transcripts.]

GIVEN:                                 _____

GIVEN AS MODIFIED: _____

DENIED:                               _____

**2.4 Interim Statements**

At the beginning of the trial, I told you that the lawyers might make short statements previewing upcoming evidence or summarizing and highlighting evidence that they have already presented before. Right now, [Mr./Ms.] [name of attorney] is going to make a short statement. Please remember that the statement you are about to hear – like all statements by the lawyers – is [Mr./Ms.] [name of attorney]'s view of the evidence or of what [he/she] anticipates the evidence will be, but isn't itself evidence.

GIVEN:                                        _____

GIVEN AS MODIFIED: _____

DENIED:                                     _____

**2.5 Judicial Notice**

The rules of evidence allow me to accept facts that no one can reasonably dispute. The law calls this "judicial notice." I've accepted [state the fact that the court has judicially noticed] as proved even though no one introduced evidence to prove it. You must accept it as true for this case.

GIVEN:                                    _____
GIVEN AS MODIFIED: _____
DENIED:                                   _____

**2.6 Use of Interrogatories**

[You'll now hear/You've heard] answers that [name of party] gave in response to written questions the other side submitted. The questions are called "interrogatories." Before the trial, [name of party] gave the answers in writing while under oath.

You must consider [name of party]'s answers to as though [name of party] gave the answers on the witness stand.

GIVEN: _____

GIVEN AS MODIFIED: _____

DENIED: _____

## 3.1 Introduction

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Fort Lauderdale Division
CASE NO.: 20-cv-60022-SINGHAL/VALLE

IGOR IVANOVICH GRATCHEV,

      Plaintiff,

-vs-

MAXIME IGOROVICH
GRATCHEV,

      Defendant,

_____/

### COURT'S INSTRUCTIONS TO THE JURY

Members of the jury:

It's my duty to instruct you on the rules of law that you must use in deciding

this case.

When I have finished you will go to the jury room and begin your discussions,

sometimes called deliberations.

GIVEN:               _____

GIVEN AS MODIFIED:    _____

DENIED:            _____

### 3.2.2 The Duty to Follow Instructions – Corporate Party Involved

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against anyone.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the instructions on the law.

The fact that a corporation is involved as a party must not affect your decision in any way. A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for the acts and statements of its employees that are made within the scope of their duties as employees of the company.

GIVEN:                              _____

GIVEN AS MODIFIED: _____

DENIED:                            _____

**3.3 Consideration of Direct and Circumstantial Evidence;**
**     Argument of Counsel; Comments by the Court**

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.

GIVEN:                              _____

GIVEN AS MODIFIED: _____

DENIED:                             _____

**3.4 Credibility of Witnesses**

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

1. Did the witness impress you as one who was telling the truth?

2. Did the witness have any particular reason not to tell the truth?

3. Did the witness have a personal interest in the outcome of the case?

4. Did the witness seem to have a good memory?

5. Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

6. Did the witness appear to understand the questions clearly and answer them directly?

7. Did the witness's testimony differ from other testimony or other evidence?

GIVEN: _____

GIVEN AS MODIFIED: _____

DENIED: _____

### 3.5.1 Impeachment of Witnesses Because of Inconsistent Statements

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

GIVEN:                              _____

GIVEN AS MODIFIED: _____

DENIED:                             _____

**3.7.1 Responsibility for Proof – Plaintiff's Claim[s], Cross Claims, Counterclaims – Preponderance of the Evidence**

In this case it is the responsibility of the IGOR GRATCHEV, to prove every essential part of his claims by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that IGOR GRATCHEV claim is more likely true than not true.

If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence, you should find against the IGOR GRATCHEV.

When more than one claim is involved, you should consider each claim separately.

In deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of IGOR GRATCHEV's claims by a preponderance of the evidence, you should find for MAXIME GRATCHEV as to that claim.

GIVEN: _____

GIVEN AS MODIFIED: _____

DENIED:                          _____

**3.7.2 Responsibility for Proof – Affirmative Defense Preponderance of the Evidence**

In this case, MAXIME GRATCHEV asserts the affirmative defenses of Statute of Frauds, Unclean Hands and Set-off. Even if the IGOR GRATCHEV proves his claims by a preponderance of the evidence, MAXIME GRATCHEV can prevail in this case if he proves an affirmative defense by a preponderance of the evidence.

When more than one affirmative defense is involved, you should consider each one separately.

I caution you that MAXIME GRATCHEV does not have to disprove IGOR GRATCHEV's claims, but if MAXIME GRATCHEV raises an affirmative defense, the only way he can prevail on that specific defense is if he proves that defense by a preponderance of the evidence.

GIVEN:                              _____

GIVEN AS MODIFIED: _____

DENIED:                            _____

### 3.8.1 Duty to Deliberate When Only the Plaintiff Claims Damages

Of course, the fact that I have given you instructions concerning the issue of Plaintiff's damages should not be interpreted in any way as an indication that I believe that the Plaintiff should, or should not, prevail in this case.

Your verdict must be unanimous – in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

GIVEN:                              _____

GIVEN AS MODIFIED: _____

DENIED:                            _____

**3.9 Election of Foreperson Explanation of Verdict Form[s]**

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and speak for you in court.

A verdict form has been prepared for your convenience.

[Explain verdict]

Take the verdict form with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign it and date it. Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the court security officer. The court security officer will bring it to me and I'll respond as promptly as possible – either in writing or by talking to you in the courtroom. Please understand that I may have to talk to the lawyers and the parties before I respond to your question or message, so you should be patient as you await my response. But I caution you not to tell me how many jurors have voted one way or the other at that time. That type of information should remain in the jury room and not be shared with anyone, including me, in your note or question.

GIVEN: _____

GIVEN AS MODIFIED: _____

DENIED: _____

## 451.4  EXISTENCE OF FIDUCIARY DUTY DISPUTED

IGOR GRATCHEV claims that MAXIME GRATCHEV owed a fiduciary duty to him.

To prove a fiduciary duty existed, IGOR GRATCHEV must prove the following:

A relationship existed between IGOR GRATCHEV and MAXIME GRATCHEV in which IGOR GRATCHEV put his trust in MAXIME GRATCHEV to protect IGOR GRATCHEV's financial or property interests and MAXIME GRATCHEV accepted that trust.

Source: Florida Standard Jury Instruction 451.4

GIVEN: _____

GIVEN AS MODIFIED: _____

DENIED: _____

## 451.5  BREACH OF FIDUCIARY DUTY

IGOR GRATCHEV claims that MAXIME GRATCHEV breached a fiduciary duty he owed to IGOR GRATCHEV, individually, and was damaged as a result.

You must decide whether MAXIME GRATCHEV breached a fiduciary duty to IGOR GRATCHEV and whether the breach was a legal cause of damages.

A breach of a fiduciary duty occurs when MAXIME GRATCHEV failed to act with the [utmost good faith, fairness, and honesty] [with the highest and finest loyalty] and:

a.      failed to protect IGOR GRATCHEV's financial or property interests;

and breach of the fiduciary duty is a legal cause of damage to IGOR GRATCHEV.

Source: Florida Standard Jury Instruction 451.5

GIVEN:                              _____

GIVEN AS MODIFIED: _____

DENIED:                            _____

## 451.12  DEFENSE ISSUES

If, however, the greater weight of the evidence supports IGOR GRATCHEV's claim for breach of fiduciary duty, then you shall consider the defense(s) raised by MAXIME GRATCHEV.

On the first defense, the issue(s) for you to decide is:

a.      What amounts are due to Maxime Gratchev as a set-off to the claims by the Igor Gratchev for the purchase, maintenance, taxes and upkeep of the Silver Lakes property in Miramar, Florida;

On the second defense, the issue(s) for you to decide is:

b.      What amounts are due to Maxime Gratchev as a set-off to the claims by the Igor Gratchev for the purchase, maintenance, taxes and upkeep of the dock and vessels;

Source: Florida Standard Jury Instruction 451.12

GIVEN:                                    _____

GIVEN AS MODIFIED: _____

DENIED:                                   _____

416.1 BREACH OF CONTRACT — INTRODUCTION

IGOR GRATCHEV claims that ANTONINA PETROVNA GRATCHEVA and MAXIME GRATCHEV entered into a contract for the repayment of $177,973.00.

IGOR GRATCHEV claims that MAXIME GRATCHEV breached this contract by not repaying the $177,973.00 or transferring title to the Silver Lakes Home, and that the breach resulted in damages to IGOR GRATCHEV.

MAXIME GRATCHEV denies that the transaction was a loan or that he had any obligation to involuntarily transfer title to the Silver Lakes Home. MAXIME GRATCHEV also claims that the transfer of $177,973.00 was a gift to him.

Source: Florida Standard Jury Instruction 416.1

GIVEN: _____

GIVEN AS MODIFIED: _____

DENIED: _____

EVIDENCE OF ORAL TRUST MUST BE BY CLEAR AND CONVINCING
EVIDENCE

It is the burden of IGOR GRATCHEV to establish resulting trust by clear and

convincing evidence.

Source:        Florida Statute §736.0407, Provence v. Palm Beach Taverns, Inc, 676
               So.2d 1022 (Fla. 4th DCA 1996)

GIVEN:                    _____

GIVEN AS MODIFIED: _____

DENIED:                   _____

PRESUMPTION OF A GIFT

The monetary transfer of $177,973.00 by ANTONINA PETROVNA GRATCHEVA to MAXIME GRATCHEV is presumed to be a gift.

Source:      Pyle v. Pyle, 53 So.2d 312 (Fla. 1951); Maliski v. Maliski, 664 So.2d 341 (Fla. 5th DCA 1995)

GIVEN:                          _____

GIVEN AS MODIFIED: _____

DENIED:                        _____

## 416.2 THIRD-PARTY BENEFICIARY

IGOR GRATCHEV is not a party to the contract. However, IGOR GRATCHEV may be entitled to damages for breach of the contract if he proves that ANTONINA PETROVNA GRATCHEVA and MAXIME GRATCHEV intended that IGOR GRATCHEV benefit from their contract.

It is not necessary for IGOR GRATCHEV to have been named in the contract. In deciding what ANTONINA PETROVNA GRATCHEVA and MAXIME GRATCHEV intended, you should consider the contract as a whole, the circumstances under which it was made, and the apparent purpose the parties were trying to accomplish.

Source: Florida Standard Jury Instruction 416.2

GIVEN: _____

GIVEN AS MODIFIED: _____

DENIED: _____

416.3 CONTRACT FORMATION — ESSENTIAL FACTUAL ELEMENTS

IGOR GRATCHEV claims that the parties entered into a contract. To prove that a contract was created, IGOR GRATCHEV must prove all of the following:

1. The essential contract terms were clear enough that the parties could understand what each was required to do;

2. The parties agreed to give each other something of value; and

3. The parties agreed to the essential terms of the contract. When you examine whether the parties agreed to the essential terms of the contract, ask yourself if, under the circumstances, a reasonable person would conclude, from the words and conduct of each party, that there was an agreement. The making of a contract depends only on what the parties said or did. You may not consider the parties' thoughts or unspoken intentions.

If IGOR GRATCHEV did not prove all of the above, then a contract was not created.

Florida Standard Jury Instruction 416.3

GIVEN: _____

GIVEN AS MODIFIED: _____

DENIED: _____

416.4 BREACH OF CONTRACT — ESSENTIAL FACTUAL ELEMENTS

To recover damages from MAXIME GRATCHEV for breach of contract, IGOR GRATCHEV must prove all of the following:

1.      IGOR GRATCHEV and MAXIME GRATCHEV entered into a contract;

2.      IGOR GRATCHEV did all, or substantially all, of the essential things which the contract required him to do;

3.      MAXIME GRATCHEV failed to do something essential which the contract required him or MAXIME GRATCHEV did something which the contract prohibited him from doing and that prohibition was essential to the contract; and

4.      IGOR GRATCHEV was damaged by that failure.

Florida Standard Jury Instruction 416.4

GIVEN:                        _____

GIVEN AS MODIFIED: _____

DENIED:                       _____

## 504.1 INTRODUCTION TO CONTRACT DAMAGES

If you find for MAXIME GRATCHEV, you will not consider the matter of damages. But, if you find for IGOR GRATCHEV, you should award IGOR GRATCHEV an amount of money that the greater weight of the evidence shows will fairly and adequately compensate IGOR GRATCHEV for his damages. You shall consider the following type(s) of damages:

Florida Standard Jury Instruction 504.1

GIVEN:                              _____

GIVEN AS MODIFIED: _____

DENIED:                           _____

## 504.2 BREACH OF CONTRACT DAMAGES

a. *Compensatory damages:*

Compensatory damages is that amount of money which will put IGOR GRATCHEV in as good a position as he would have been if MAXIME GRATCHEV had not breached the contract and which naturally result from the breach.

Florida Standard Jury Instruction 504.2

GIVEN:                              _____

GIVEN AS MODIFIED: _____

DENIED:                            _____

## 504.6 OBLIGATION TO PAY MONEY ONLY

To recover damages for the breach of a contract to pay money, IGOR

GRATCHEV must prove the amount due under the contract.

Florida Standard Jury Instruction 504.6

GIVEN:                              _____

GIVEN AS MODIFIED: _____

DENIED:                              _____

FORM 451.14  MODEL FORM OF VERDICT FOR BREACH OF FIDUCIARY DUTY

We, the jury, return the following verdict:

1.     Did a relationship exist between **IGOR GRATCHEV** and **MAXIME GRATCHEV** in which **IGOR GRATCHEV** put his trust in **MAXIME GRATCHEV** to protect IGOR GRATCHEV'S financial or property interests and **MAXIME GRATCHEV** accepted that trust?

YES _____ NO _____

If your answer to question 1 is YES, proceed to question 2. If your answer to question 1 is NO, your verdict is for **MAXIME GRATCHEV** on this claim, and you should not proceed further except to date and sign this verdict form and return it to the courtroom.

2.     Did **MAXIME GRATCHEV** breach a fiduciary duty owed to **IGOR GRATCHEV** that was a legal cause of damage to **IGOR GRATCHEV**?

YES _____ NO _____

If your answer to question 2 is YES, your verdict is for **IGOR GRATCHEV** on this claim, and you should proceed to question 3. If your answer to question 2 is NO, your verdict is for **MAXIME GRATCHEV** on this claim, and you should not proceed further except to date and sign this verdict form and return it to the courtroom.

3.     What is the total amount of damage sustained by **IGOR GRATCHEV**?

$ _____ .

4.     What is the amount due to Maxime Gratchev as a set-off to the claims by the Igor Gratchev for the purchase, maintenance, taxes and upkeep of the Silver Lakes property in Miramar, Florida;

$ _____ .

5.     What is the amount are due to Maxime Gratchev as a set-off to the claims by the Igor Gratchev for the purchase, maintenance, taxes and upkeep of the

dock and vessels;

$ _____.

SO SAY WE ALL, this _____ day of _____, 2022.

_____
FOREPERSON

Source: Florida Standard Jury Instruction 451.14

GIVEN:                          _____

GIVEN AS MODIFIED: _____

DENIED:                         _____