UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Fort Lauderdale Division
CASE NO.: 20-cv-60022

IGOR IVANOVICH GRATCHEV,

        Plaintiff,

-vs

MAXIME IGOROVICH
GRATCHEV,

        Defendant,

                                   /

And

MAXIME IGOROVICH GRATCHEV,

        Counter Plaintiff,

-vs

IGOR IVANOVICH GRATCHEV,

        Counter Defendant,

                                   /

## **JOINT PRETRIAL STIPULATION**

The parties jointly file the following pretrial stipulation pursuant to S.D. Fla. Local Gen.

Rule 16.1(e).

    I.   Statement of the Case by Each Party.

    A.  As to Plaintiff:

Plaintiff Igor Gratchev, now 64 years old, has been a U.S. Citizen since 1998.  Igor's only

son is Defendant Max Gratchev, was born in the Soviet Union in 1988.  In 1993, Plaintiff Igor

brought five-year-old Max to the USA.  The same year, Igor began a career of operating hockey

272446785v.1

camps and work programs for elite players in New England, and in 1995, when Max was 7, Igor established a training program named Ten Steps.

In October 2009, Igor purchased a condominium unit in Flagler County, Fla., but caused the subject property to be titled in the name of 21-year-old Max, who contributed nothing to the purchase or expenses.  Seven years later, Igor sold the unit, taking the profits for himself, with the 28-year-old Max's full cooperation.  **Igor and Max thereby established a course of dealing consistent with traditional Russian financial interrelationships between family members.**

Igor formed Boston Stars LLC in 2011 as sole manager and member.

In 2014, Igor purchased a single family home in Miramar, Fla., paying at least 92% of the cash price of the home from his personal assets, but the property was and remains titled in Max's name.  Igor's mother wired the largest sum from Novosibirsk, Russia, the sale proceeds from an apartment that Igor had purchased 8 years earlier.  The sale proceeds were a loan from Igor to Max, that Max was required to repay within 5 years, or transfer title of the Miramar home to Igor.  Igor has been the sole resident of the Miramar home since its purchase.  Igor paid taxes on the home, installed a $67,000 pool, and remodeled for $95,000.  In contrast, Defendant Max paid nothing toward the maintenance of the Miramar home, and did not secure insurance for the home.

Max returned to Boston in 2013 after playing minor-league professional hockey abroad. **Boston Stars Hockey LLC (BSH) was formed in June 2015.**  Igor provided the sole capital contribution, consisting largely of all of his right, title and interest in the profitable principal business of Boston Stars LLC.  Plaintiff Igor also brought his Ten Steps program to Boston Stars Hockey LLC.  Max provided no capital investment for his membership interest in BSH.  In 2012 / 2013, Boston Stars LLC[1] and Defendant Max cumulatively paid $139,832.24 to purchase a 50-foot

---

[1]      Boston Stars LLC was an entity distinct from Boston Stars Hockey LLC;  Igor was the sole Member of the former.

vessel ("Albatross Jr.")  Boston Stars LLC paid 71.39% of the purchase price and Defendant Max transmitted 28.61%.  The vessel was nonetheless titled solely in the name of Max.  All expenses to insure, outfit, upgrade, maintain, and enjoy the Albatross Jr. were paid exclusively by Igor.

In 2015, Plaintiff Igor purchased a fishing vessel with his own personal funds.  Igor caused the vessel to be titled in Max's name.

On or about March 5, 2019, Igor asked Max when or if he was going to pay the sums that had been lent to him (the sale proceeds from Igor's property in Novosibirsk).  When Max denied any responsibility to pay Igor back, claiming that everything had been a gift, Igor asked that formal title to all assets be placed in his name in public records.  Max refused.

B.    As to Defendant:

Plaintiff, Igor Gratchev, in his Second Amended Complaint, seeks real and personal property, plus equitable relief and compensatory damages from Maxime Gratchev, his son.  This court just granted in part and denied in part Defendant's Motion for Summary Judgment [DE-165] thereby declaring that Igor Gratchev is not a member of Boston Stars Hockey, LLC, and has no claim to the profits and distributions from BSH as to Count I. The Court also granted Summary Judgment as to Count IX denying the Plaintiff's claim for a constructive fraud as to the motor yacht [Albatross Jr.]. Therefore, the remaining counts are Counts II (Breach of Fiduciary Duty as to Real and Personal Property); Count III (Constructive Fraud); Count V (Action for Imposition of Constructive Fraud regarding Miramar Property): Count VI (Unjust Enrichment); Count X (Action for Imposition of Constructive Trust by Chose in Action from Boston Stars, LLC – in the alternative to Counts VIII through IX); and Count XI[2] (Breach of Contract in alternative to Counts II, III, V) [3] Plaintiff has yet

---

[2] Count XI is subject to Plaintiff's Motion to Dismiss, which is pending before the court.
[3] Counts I, IV, VII, VIII, IX were dismissed by the court or withdrawn by the Plaintiff.

to voice an election as to which alternative counts will be heard at trial.

Plaintiff alleges that the property located at 18161 SW 25 Street, Miramar, Florida, was purchased by Igor Gratchev and placed in his son's name, with the intent that if Max Gratchev did not repay an *oral loan* of $177,973.00, within five years, he would be required to transfer the property to Igor Gratchev. Max disputes that this loan ever took place or that he had any obligation to involuntarily transfer the property to Igor. The monetary transfer from Antonina Patrova Gracheva was a gift to Max Gratchev, as declared in his US tax return for 2013 and these funds were later used to pay for *a portion* of the subject property. Maxime Gratchev then paid a portion of the taxes, association fees, and expenses for this property.  Irrespective, plaintiff's claim amounts to nothing more than an unwritten and unrecorded 'Agreement for Deed' or oral contingent interest in the property, which is not actionable.  Maxime Gratchev asserts that Igor Gratchev did not perform anything under the alleged agreement, in that it was his mother who owned the source of the funds and sent the funds to Maxime. For these reasons, the statute of fraud applies and the plaintiff's claim is barred. Defendant also asserts that Plaintiff is not a third party beneficiary to the alleged contract in order to assert an action at law.

Lastly, Igor Gratchev alleges that he placed the two boats, the marina slip and the Biscayne Condominium in the name of Maxime Gratchev in reliance of a so-called Russian tradition where parents financially aid their children well into adulthood; however, the parent retains the right to manage the asset(s).  The defense denies that Igor Gratchev individually purchased all of these assets. There is also no credible evidence of such a tradition, especially the part where a parent retains the right to manage the asset of an adult child for their own benefit. Nor is there any evidence that these assets were being placed in the hands of Maxime Gratchev, an adult child, based on a promise that he would later gift the asset to Igor Gratchev on demand.

In the end, it was Igor Gratchev who requested that Max forgo his ownership interest and

272446785v.1

contributions toward the purchase, maintenance and upkeep of these assets by demanding that Max transfer the assets back to Igor, without any repayment to Max whatsoever. Max had contributed to the purchase and or maintenance of the assets which remain at issue. Lastly, the Biscayne Condominium was actually purchased by Maxime and mortgaged by Maxime, in his own name, without any contribution by Igor Gratchev for the purchase of the property.

This is meant as a short summary of the issues; however additional issues are set forth in Defendant's Motion for Summary Judgment and Answer. In sum, the defense disputes that the Plaintiff's clams are actionable or that Igor Gratchev is entitled to the relief sought.

II. <u>Basis of Federal Jurisdiction</u>: This Court has subject matter jurisdiction over this action pursuant to 5 U.S.C. §§ 552(a)(4)(B), and original jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) and supplemental jurisdiction, pursuant to 28 USC 1367(a).

III. <u>Pleadings Raising the Issues</u>

   a. Second Amended Complaint [DE-58]

   b. Answer and Affirmative Defenses [DE-84]

   c. Defendant's Counterclaim [DE-84]

   d. Plaintiff's Reply to Affirmative Defenses [DE-87]

   e. Plaintiff's Answer to Counterclaim [DE-87]

IV. <u>Undisposed of Motions or Other Matters Requiring Court Attention</u>.

   a. Plaintiff's Expedited Motion to Strike Demand for Jury Trial [DE-203]

   b. Plaintiff's Motion to Dismiss Count XI [DE-200]

   c. Notice of Intent to Offer Affidavit of Antonina Gratcheva [DE-192]

V. <u>Concise Statement of Uncontested Facts Requiring No Proof at Trial and Reservations</u>.

   a. Igor Gratchev was the sole member and manager of Boston Stars, LLC from its

inception.

VI. Issues of Fact that Remain to Be Litigated. The following are factual issues which remain to be decided:

a. (Disputed) Whether Igor Gratchev is a member of Boston Stars Hockey, LLC.

b. (Disputed) Whether Igor Gratchev ever was a member of Boston Stars Hockey, LLC.

c. (Disputed) Whether Igor Gratchev is a manager of Boston Stars Hockey, LLC.

d. (Disputed) Whether Igor Gratchev ever was a manager of Boston Stars Hockey, LLC.

e. (Disputed) Whether Maxime Gratchev breached any fiduciary duty to Igor Gratchev with regard to Boston Stars Hockey, LLC;

f. Whether Maxime Gratchev committed constructive fraud upon Boston Stars, LLC.

g. Whether Maxime Gratchev committed constructive fraud upon Igor Gratchev;

h. Whether Maxime Gratchev breached an Agreement to pay $177,973.00 or involuntarily transfer title to the Miramar property to Igor Gratchev;

i. Whether Igor Gratchev had any obligations under the alleged oral Agreement for Maxime Gratchev to pay $177,973.00 or involuntarily transfer title to the Miramar property to Igor Gratchev;

j. Whether Igor Gratchev was a third party beneficiary to an Agreement to pay $177,973.00 or involuntarily transfer title to the Miramar property to Igor Gratchev;

k. (Dospited)Whether Igor Gratchev suffered any damages as a result of any breach of fiduciary duty to Igor Gratchev as a Member of Boston Stars Hockey, LLC.

l. Whether Igor Gratchev suffered any damages as a result of any breach of

fiduciary duty to Igor Gratchev as a Manager of Boston Stars Hockey, LLC.

m.  Whether the Igor Gratchev has proven any claim actual damages and if so, in what amount;

n.  Whether the Igor Gratchev has proven any claim for punitive damages and if so, in what amount;

o.  What amounts are due to the Defendant as a set-off to the claims by the Plaintiff for the purchase, mortgage, maintenance, taxes and upkeep of the Biscayne Beach Condominium;

p.  What amounts are due to the Defendant as a set-off to the claims by the Plaintiff for the purchase, maintenance, taxes and upkeep of the Miramar Property;

q.  What amounts are due to the Defendant as a set-off to the claims by the Plaintiff for the purchase, maintenance, taxes and upkeep of the Albatross Jr;

r.  What amounts are due to the Defendant as a set-off to the claims by the Plaintiff for the purchase, maintenance, taxes and upkeep of the Nautic Star vessel;

s.  What amounts are due to the Defendant as a set-off to the claims by the Plaintiff for the purchase, maintenance, taxes and upkeep of Dock A-29;

VII.    Issues of Law on Which There is Agreement.

a.  Claims involving the internal affairs of corporations, such as the breach of fiduciary duties, are subject to the laws of the state of incorporation. See Chatlos Foundation Inc, v, D'Arata, 882 So.2d 1021 (Fla. 5th DCA 2004); See also Mariasch v. Gillette Co., 521 F.3d 68, 71–72 (1st Cir. 2008). With regard to the internal affairs of Boston Stars Hockey, LLC, the applicable laws are those of Massachusetts.

272446785v.1

VII.   Issues of Law Which Remain for Determination by the Court.

a.   Whether Igor Gratchev has standing to pursue any claims on behalf of Boston Stars, LLC;

b.   Whether Igor Gratchev has standing to pursue any claims on behalf of Boston Stars Hockey, LLC;

c.   Whether Maxime Gratchev owed any fiduciary duty to Igor Gratchev with regard to Boston Stars, LLC;

d.   Whether Confidential or Fiduciary Relationship existed as to each real or personal property alleged;

e.   Whether a claim for constructive trust exists under the laws of the Commonwealth of Massachusetts;

f.   Whether the Plaintiff may maintain simultaneous claims at law and also seeking equitable relief;

g.   Whether alleged oral Agreement to pay $177,973.00 or involuntarily transfer title to the Miramar property to Igor Gratchev is enforceable;

h.   Whether all or some of the Plaintiff's claims are barred by the Florida Statute of Frauds, Florida Statute 725.01;

i.   Whether the alleged oral agreement for deed constitutes a violation of Florida Statutes §§697.01, 689.01, and 725.01;

j.   Whether all or some of the Plaintiff's claims are barred by the applicable statute of limitation;

k.   Whether the claims brought by the plaintiff, under chose in action, are enforceable;

l.   If an oral agreement for deed existed, then whether Plaintiff is a third party

beneficiary whose interest is consequential or incidental to the agreement.

m.   Whether Maxime Gratchev was unjustly enriched;

n.   Whether all of the Plaintiff's claims in equity are barred by the doctrine of

unclean hands;

VIII.   Numbered List of Trial Exhibits & Objections. See attached exhibit lists.

IX. Trial Witnesses
a.   Plaintiff's Witnesses:

1.
Erin Boyle
2311 Longmont Drive
Jacksonville, Florida 32246

2.
Jose Castillo [4]
18181 SW 25th Street
Miramar, FL 33029

3.
Elena Ceveleva [5]
344 Kirova Street, Apt. 8 (*ul. Kirova 344-8*)
Novosibirsk, Russia 630028

4.
Elisabeth Colbath-Czech, Esq.
6 Gray Circle
Arlington, MA 02476

5.
Teresa DeArmas (Grandview Palace Marina manager)
7601 E Treasure Dr
North Bay Village, FL 33141

6.
Dennis Franczak
8 Winchester Place, #302

---

[4] Opposed by defense as not previously disclosed
[5] Opposed by defense as not previously disclosed

Winchester, MA 01890

7. Ivan Galkin [6]
   218 Rangeway Road
   North Billrica, MA 02144

8.
Gabrielle Gratchev
3069 Lucena Lane
Jacksonville, FL 32246

9.
Plaintiff IGOR IVANOVICH GRATCHEV

10.
Defendant MAXIME IGOROVICH GRATCHEV

11.
Antonina Gracheva [7]
344 Kirova Street, Apt. 8 (*ul. Kirova 344-8*)
Novosibirsk, Russia 630028
   *Deceased;  by Affidavit pursuant to Fed. R. Evid. 807 (Residual Exception)*

12.
Rich Heap
10 Berry Street
Dorchester, MA 02122

13.
Konstantin Khrypin
1770 NE 191 Street, apt. 509
Miami, Florida 33179

14.
William Rogers
7701 W. Lake Drive
West Palm Beach, FL 33046

15.
Matt Serafin
Bluewater Yacht Sales LLC
1550 Avenue C
Riviera Bch, FL 33404

---

[6] Opposed by defense as not previously disclosed.

[7] Use of Affidavit opposed by defense as hearsay

16.
Silverlakes Community Association, Inc. (records custodian)
C/O Pines Property Management
6941 SW 196 Ave, Suite 27
Pembroke Pines, FL 33332

17.
Olga Shamina, Esq.
20801 Biscayne Blvd Ste 403
Aventura, FL 33180

18.
Jocelyn Willett
10 Russell Street
Unit 2
Arlington, MA 02474

*As the need may arise:*

19.
Ilona Antonova [8]
10239 Quito Street
Hollywood, FL 33026

        b. Defendant's Witnesses:

| *Name* | *Address* | *To be called* | *May be called* |
|---|---|---|---|
| Maxime I. Gratchev | c/o MKRS Law, PL. | X | |
| Igor Gratchev | c/o James Beagle, PA. | X | |
| Michael Brodigan, Esq. | 40 Broad St # 220, Boston, MA 02109 | X (By deposition) | |
| William E. Synan, CPA | 80 Washington Street, Building S Norwell, MA 02061 | X (By deposition) | |
| Elisabeth Colbath, Esq. | 1500 JFK Boulevard Suite 1850, Philadelphia PA 19102 | X (By deposition or in person) | |
| Corporate Representative Biscayne Miami Partners, LLC. | 314 Clematis Street, Suite 201, West Palm Beach, FL 33401 | | X |

---

[8] Opposed by defense as not previously disclosed

272446785v.1

| | | | |
|---|---|---|---|
| Corporate Representative A & D Mortgage, LLC. | 1040 South Federal Highway, Hollywood, FL 33020 | | X |
| Corporate Representative First National Bank of America | 241 E. Saginaw, East Lansing, MI 48823 | | X |
| Corporate Representative Quicken Loans, Inc. | 1050 Woodward Ave, Detroit, MI 48266-1906 | | X |
| Corporate Representative Biscayne Beach Condominium Association | 2900 NE 7th Ave, Miami, FL 33137 | | X |
| Carlos E. Casuso, Esq. | 1550 Madruga, Ave, #309, Coral Gables, FL 33146 | | X |
| Corporate Representative First American Mortgage Solutions | 1795 International Way, Idaho Falls, ID 83402 | | X |
| Byron Alvarado | 26931 East Briarwood Circle, Centennial, CO 80016 | | X |
| Mila Lopata, Esq. | 400 Sunny Isles Blvd, Suite CU-1, Sunny Isles Beach, FL 33160 | | X |
| Maria Masis Masis Appraisals, Inc. | 7312 W. 29 Way, Hialeah, FL 33018 | | X |
| Sepehr Niakan HB Roswell Realty | 1900 N Bayshore Dr #1A, Miami, FL 33132 | | X |
| Ekaterina Sizenova Big International Realty, Inc. | 400 Sunny Isles Blvd # Cu-1, Sunny Isles Beach, FL 33160 | | X |
| Corporate Representative Stewart Title Guaranty Company | 2800 Ponce de Leon Suite 1110, Coral Gables, FL 33134 | | X |
| Matt Serafin | Bluewater Yacht Sales LLC 1550 Avenue C Riviera Bch, FL 33404 | | X |

272446785v.1

| | | | |
|---|---|---|---|
| R/C Masis Appraisals, Inc. | 7312 W. 29 Way, Hialeah, FL 33018 | | X |
| R/C Title Matters, LLC. | 314 Clematis Street, Suite 201, West Palm Beach, FL 33401 | | X |
| R/C Miami Dade County Clerk of Court | 73 West Flagler St., Miami, FL 33130 | | X |
| R/C Bank of America | 1 Fleet Way, Scranton, PA 18507 | | X |
| R/C HB Roswell Realty | 1900 N Bayshore Dr #1A, Miami, FL 33132 | | X |
| R/C Broward County Tax Collector | 115 S Andrews Ave #100, Fort Lauderdale, FL 33301 | | X |

X.  Estimated Trial Time.
>   a. Plaintiff's Estimate:  2-3 days, nonjury.
>   b. Defendant's Estimate: 3-5 Trial Days, Jury.

XI. Estimated Maximum Attorneys' Fees Allowable.


Respectfully submitted,

| | |
|---|---|
| By: */s/ James W. Beagle, Esq.* | By: */s/ Sergio R, Casiano, Jr.* |
| James W. Beagle, Esq.<br>Fla. Bar No.: 521418<br>Attorneys for Plaintiff<br>James Beagle, P.A.<br>12 SE 7th Street, Suite 704<br>Fort Lauderdale, FL 33301<br>(954) 563-8588<br>jb@beagleesq.com<br><br>Joseph A. O,Brian, Esq.<br>Connecticut Bar No.: 372704<br>41 North Main Street, Suite 303<br>West Hartford, CT 06107<br>Obrienlaw2@aol.com | WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER, LLP<br>Fla. Bar No.: 457302<br>Attorneys for Defendant<br>100 SE 2nd Street, Suite 2100<br>Miami, FL 33131<br>(305) 974-4400<br>Sergio.casiano@wilsonelser.com |

**PLAINTIFF'S EXHIBIT LIST**

| EXHIBIT NO. | DATE IDENTIFIED | DATE ADMITTED | SPONSORING WITNESSES | OBJECTIONS/ STIPULATED ADMISSIONS | DESCRIPTION OF EXHIBIT |
|---|---|---|---|---|---|
| | | | | Authenticity Relevance Hearsay | Boston Stars Hockey, LLC Bank of America Statements June 2015 to Present |
| | | | | Authenticity Relevance Hearsay | Boston Stars, LLC. Bank of America statements 2011-2015 |
| | | | | Non-Descript Authenticity Relevance Hearsay | Secretary of the Commonwealth of Massachusetts Business filings for Boston Stars Hockey, LLC. Maxpro Hockey Club, LLC. Ten Steps International, LLC. |
| | | | | Authenticity Relevance Hearsay | Maxime Gratchev Capital One Bank Account Statements May1, 2020 to present |
| | | | | Non-Descript Authenticity Relevance Hearsay | Records for purchase of 101 Palm Harbor Parkway, Unit B317 Palm Coast, Florida 33137 (2009) Records for sale of Unit (2016) |
| | | | | Non-Descript Authenticity Relevance Hearsay | Records for purchase of 2004 Sea Ray 34 ft. Power Boat (2014) |

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | | | | Records for sale of vessel (2014) |
| | | | | | Non-Descript Authenticity Relevance Hearsay | Records for Purchase of Cruisers Yachts 50' Vessel Albatross II and for maintenance of vessel. Insurance of vessel (2012-2020) Records for sale of vessel (2020) |
| | | | | | Non-Descript Authenticity Relevance Hearsay | Records for purchase of Slip A-29 Grandview Palace Marina (2013) Records for maintenance of slip (2013-2020) Records of sale of slip (2020) |
| | | | | | Non-Descript Authenticity Relevance Hearsay | Records for purchase of home at 18161 SW 25thStreet, Miramar, Florida 33029-5181 (2014) Records for repairs, improvements and maintenance of said home (2014- present) Payments of taxes (2014- present) |
| | | | | | Non-Descript Authenticity Relevance Hearsay | Records for purchase of 2016 Nautic Star 23' fishing vessel (2015) |

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | | | | Records for repair and maintenance of said vessel (2015-2020) Records for sale of said vessel (2020) |
| | | | | | Non-Descript Authenticity Relevance Hearsay | Emails between Elizabeth C. Czech, Esq. and Igor and Max Gratchev February 11th and 12th,2018 and proposed Maxpro Hockey Partnership Agreement |
| | | | | | Authenticity Relevance Hearsay | Maxime Gratchev Schedule C tax returns for Boston Stars Hockey, LLC. (2015-2019) |
| | | | | | Authenticity Relevance Hearsay | Email from Ilya Prodovsky dated 2/7/2019 to Igor and Max Gratchev, Elizabeth Czech, Carly Cowhen, Matt Campagna with attached organizational chart. |
| | | | | | Non-Descript Authenticity Relevance Hearsay | Maxime Gratchev records of purchase of 150 North Street, Somerville, MA |
| | | | | | Non-Descript Authenticity Relevance Hearsay | Maxime Gratchev records of purchase of 14 Winding Oaks |

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | | | | Way, Boxford, MA. |
| | | | | | Non-Descript Authenticity Relevance Hearsay | Igor Gratchev list of personal property lender on Albatross II in 2020 disposed of by Maxime Gratchev |
| | | | | | Non-Descript Authenticity Relevance Hearsay | Antonina Petrovna Gratcheva affidavit dated March 23, 2020 in Russian with English translation |
| | | | | | Authenticity Relevance Hearsay | Matthew Serafin records for marketing and sale of Albatross II, Nautic Star and slip A-29 (2020) including photographs |
| | | | | | Non-Descript Authenticity Relevance Hearsay | Survey report of Albatross II dated August 2019 |
| | | | | | Authenticity Relevance Hearsay | Bank statements for Maxpro Hockey Club, LLC. (2019-present) |
| | | | | | | Deposition transcript Elizabeth Colbath-Czech, Esq. |
| | | | | | | Deposition transcript Maxime Gratchev |
| | | | | | Non-Descript Authenticity Relevance | PDF labeled: 75k+ from IIG Albatross Jr |

272446785v.1

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | | | | Hearsay |
| | | | | | Non-Descript Authenticity Relevance Hearsay | PDF labeled: Antonina wire to MIG |
| | | | | | Non-Descript Authenticity Relevance Hearsay | PDF labeled: Biscayne Bch Condo docs |
| | | | | | Non-Descript Authenticity Relevance Hearsay | PDF labeled: Boat slip payments |
| | | | | | Non-Descript Authenticity Relevance Hearsay | PDF labeled: BSH acct BofA 7199 part 1 |
| | | | | | Non-Descript Authenticity Relevance Hearsay | PDF labeled: BSH acct BofA 7199 part 2 |
| | | | | | Non-Descript Authenticity Relevance Hearsay | PDF labeled: BSH acct BofA 7199 part 3 |
| | | | | | Non-Descript Authenticity Relevance Hearsay | PDF labeled: BSH acct BofA 7199 part 4 |
| | | | | | Non-Descript Authenticity Relevance Hearsay | PDF labeled: BSH acct BofA 7199 part 5 |
| | | | | | Non-Descript Authenticity Relevance Hearsay | PDF labeled: Ex IIG 1 Payments Miramar house |
| | | | | | Non-Descript Authenticity Relevance Hearsay | PDF labeled: Ex IIG 2 Searay Check to IIG purchase of Varvara |
| | | | | | Non-Descript Authenticity Relevance Hearsay | PDF labeled: Ex L1 Palm Coast deed to |

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | | | | MIG November 2009 |
| | | | | | Non-Descript Authenticity Relevance Hearsay | PDF labeled: Ex L2 ECF 58-1 Exh A |
| | | | | | Authenticity Relevance Hearsay | PDF labeled: Fla trailer registration 2016 |
| | | | | | Non-Descript Authenticity Relevance Hearsay | PDF labeled: Grandview Palace expenses |
| | | | | | Non-Descript Authenticity Relevance Hearsay | PDF labeled: HOA fees paid by IIG |
| | | | | | Non-Descript Authenticity Relevance Hearsay | PDF labeled: HOA payments |
| | | | | | Authenticity Relevance Hearsay | PDF labeled: Igor drivers license_Redacted |
| | | | | | Non-Descript Authenticity Relevance Hearsay | PDF labeled: Max bills |
| | | | | | Non-Descript Authenticity Relevance Hearsay | PDF labeled: Miramar property taxes |
| | | | | | Non-Descript Authenticity Relevance Hearsay | PDF labeled: Miramar |
| | | | | | Non-Descript Authenticity Relevance Hearsay | PDF labeled: Nautic Star purchased by IIG |
| | | | | | Non-Descript Authenticity Relevance Hearsay | PDF labeled: Nautic Star |
| | | | | | Non-Descript Authenticity | PDF labeled: |

272446785v.1

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | | | Relevance<br>Hearsay | Palm coast<br>purchase |
| | | | | | Non-Descript<br>Authenticity<br>Relevance<br>Hearsay | PDF labeled:<br>Payments<br>Miramar house |
| | | | | | Non-Descript<br>Authenticity<br>Relevance<br>Hearsay | PDF labeled: Pl<br>Ex 1 Palm coast<br>purchase<br>payment |
| | | | | | Non-Descript<br>Authenticity<br>Relevance<br>Hearsay | PDF labeled: Pl<br>Ex 2 Searay<br>Check to IIG<br>purchase of<br>Varvara |
| | | | | | Non-Descript<br>Authenticity<br>Relevance<br>Hearsay | PDF labeled:<br>Pl Ex 3 wire<br>Payment<br>Miramar house<br>156k |
| | | | | | Non-Descript<br>Authenticity<br>Relevance<br>Hearsay | PDF labeled:<br>Pl Ex 4 HOA<br>fees paid by IIG |
| | | | | | Non-Descript<br>Authenticity<br>Relevance<br>Hearsay | PDF labeled:<br>Pool |
| | | | | | Non-Descript<br>Authenticity<br>Relevance<br>Hearsay | PDF labeled:<br>Searay Check to<br>IIG purchasing<br>Varvara |
| | | | | | Non-Descript<br>Relevance<br>Hearsay | PDF labeled:<br>Ten Steps part 1 |
| | | | | | Non-Descript<br>Relevance<br>Hearsay | PDF labeled:<br>Ten Steps part 2 |
| | | | | | Non-Descript<br>Authenticity<br>Relevance<br>Hearsay | PDF labeled:<br>Thunderbolt<br>Marine payment |
| | | | | | Authenticity<br>Relevance<br>Hearsay | PDF labeled:<br>Treadmill<br>payments part 1 |

272446785v.1

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | | | Authenticity Relevance Hearsay | PDF labeled: Treadmill payments part 2 |
| | | | | | Authenticity Relevance Hearsay | PDF labeled: overhead photo of boat slip |
| | | | | | Non-Descript Authenticity Relevance Hearsay | PDF labeled: Albatross photos |
| | | | | | Non-Descript Authenticity Relevance Hearsay | PDF labeled: IMG_9414 |
| | | | | | Non-Descript Authenticity Relevance Hearsay | PDF labeled: Screenshot 2021-10-14 164721 |
| | | | | | Non-Descript Authenticity Relevance Hearsay | PDF labeled: MIG Schedule C sole proprietor 2015 through 2019 |
| | | | | | Non-Descript Authenticity Relevance Hearsay | MOV labeled: IMG_0120 |
| | | | | | Non-Descript Authenticity Relevance Hearsay | MOV labeled: IMG_0125 |
| | | | | | Non-Descript Authenticity Relevance Hearsay | Text messages between Gabrielle Gratchev and Maxime Gratchev |

272446785v.1

**DEFENDANT'S EXHIBIT LIST**

| EXHIBIT NO. | DATE IDENTIFIED | DATE ADMITTED | SPONSORING WITNESSES | OBJECTIONS/ STIPULATED ADMISSIONS | DESCRIPTION OF EXHIBIT |
|---|---|---|---|---|---|
| | | | | A, H | Deposition of Michael Brodigan (02-09-2022) |
| | | | | A, H | Deposition of William Synan CPA (10-05-2021) |
| | | | | A, H | Deposition of Igor Gratchev (08-11-2021) |
| | | | | A, H | Deposition of Elisabeth Colbath (01-20-2022) |
| | | | | A, H | Deposition of Olga Shamina (03-11-2022) |
| | | | | A, H | Certificate of Organization (Boston Stars Hockey, LLC) |
| | | | | A, R | Operating Agreement (Boston Stars Hockey, LLC) |
| | | | | A | Division of Corporations Entity Search Report |
| | | | | A | Maxime Gratchev Declaration of Fund Transfer from Russia as gift to Internal Revenue Service |
| | | | | A | Warranty Deed (Miramar/Silver Lakes) |
| | | | | A | Payments by Maxime |

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | | | | Gratchev toward purchase price of Silver Lakes Property |
| | | | | | A | Bank statements reflecting payments by and receipts to for maintenance, upkeep, taxes and use of Miramar property |
| | | | | | A | Albatros Jr, Closing Statement (2013) |
| | | | | | A | Payments by or on behalf of Max Gratchev for purchase of Albatros Jr. |
| | | | | | A | Certificate of Documentation for Albatros Jr |
| | | | | | A | Documents regarding sale and transfer of Albatross Jr (2021) |
| | | | | | A | Invoices and payments for maintenance, upkeep, use and sale of Albatros, Jr. |
| | | | | | A | Transfer of Ownership (Marina Slip A-29) |
| | | | | | A | Documents regarding sale and transfer of Marina Slip (2021) |
| | | | | | A | Invoices and payments for |

272446785v.1

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | | | | fees, maintenance, upkeep, use of Marina Slip (2021) |
| | | | | | A | Title to Nautic Star Vessel |
| | | | | | A | Documents regarding sale and transfer of Nautic Star |
| | | | | | A | Invoices and payments for maintenance, upkeep, use and sale of Nautic Star. |
| | | | | | A, R | Warranty Deed for Biscayne Beach Condominium |
| | | | | | A | Mortgage (AD Mortgage) |
| | | | | | A | Wire Transfer ($80,000) |
| | | | | | A | Wire Transfer ($250,000) |
| | | | | | A | Mortgage (Quicken Loans) |
| | | | | | A | Warranty Deed (03-09-2021) |
| | | | | | A, H, R | Demand Letter from Goldman & Pease, LLC (October 15, 2014) |
| | | | | | A, R | Settlement Agreement between Dimitry Borischev and Boston Stars, LLC and Igor Gratchev |
| | | | | | A, H, R | Demand Letter from Goldman & Pease, LLC |

| | | | | | A | (January 25, 2016) |
|---|---|---|---|---|---|---|
| | | | | | A | Boston Stars Hockey, LLC, Check 1062 for $18,000.00 |
| | | | | | A | Receipts for payments to Broward County Tax Collector (2014, 2015, 2016, 2018 and 2020) |
| | | | | | A | Invoices from Apex Marine |
| | | | | | A | Albatross Jr Survey (August 12, 2020) by Knoll Marine Services |
| | | | | | A | Albatross Jr Sale Agreement (2020) |
| | | | | | A | Plaintiff's responses to Request for Admissions, including all amendments thereto |
| | | | | | A | Plaintiff's responses to Request for Production, including all amendments thereto |
| | | | | | A | Plaintiff's Answers to Interrogatories, including all amendments thereto |

272446785v.1